IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD BRIAN ELLIS | § | |
| v. | § | CIVIL ACTION NO. 6:08cv234 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Donald Ellis, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ellis was convicted of burglary of a habitation in the 294th Judicial District Court of Van Zandt County, Texas, receiving a sentence of 20 years in prison. He took a direct appeal, and his conviction was affirmed on January 24, 2007. Ellis did not seek discretionary review, but did file a state habeas petition, which was denied by the Texas Court of Criminal Appeals on October 10, 2007.

In his federal habeas petition, Ellis says that there is no evidence to support the jury's finding of guilt, the complaining witness changed his story and committed perjury, he was denied effective assistance of counsel, and the case was not fully investigated by law enforcement officials.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition for habeas corpus relief be denied based on the expiration of the statute of limitations. The Magistrate Judge calculated that Ellis' limitations period, including tolling by virtue of the state petition which he filed, expired on April 28, 2008, but Ellis did not sign his federal petition until

1

May 20, 2008, some three weeks later. The Magistrate Judge also determined that Ellis had not shown any basis upon which to equitably toll the limitations period, and recommended that Ellis be denied a certificate of appealability *sua sponte*.

In his objections, Ellis alleges that he is actually innocent of the offense, and actual innocence serves as a gateway through which a procedural default may be excused. He says that the alleged victim in the case refused to have a property hearing, through which ownership of the property could be established, and so there was no evidence that the alleged victim owned the property.

Ellis is confusing the concepts of procedural default and limitations. The Fifth Circuit has specifically stated that a claim of actual innocence will not justify tolling of the statute of limitations. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). Thus, Ellis' claim of "actual innocence" does not toll or set aside the statute of limitations, and his objections are without merit.[1]

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Donald Ellis is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

---

[1] In addition, Ellis has failed to show that it is more likely than not that he is actually innocent of the offense. The fact that a separate hearing was not held to determine the ownership of the property is of no consequence, inasmuch as the testimony at trial was sufficient to show that the property belonged to the complaining witness. *See* Miller v. State, 909 S.W.2d 586, 596 (Tex.App-Austin 1995, no pet.).

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 15th day of December, 2008.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**